# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRUSTEES OF THE MILWAUKEE CARPENTERS DISTRICT COUNCIL HEALTH FUND and TRUSTEES OF THE MILWAUKEE CARPENTERS JOINT APPRENTICESHIP COMMITTEE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>HAHN'S BADGER CARPET INC.,<br><br>Defendant. | Case No. 17-CV-825-JPS<br><br><br>**ORDER** |

Plaintiffs, which are union trust funds, assert in this action that Defendant, an employer of union workers, owes them various sums as part of a collective bargaining agreement, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132 *et seq.* and the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). On October 10, 2017, Plaintiffs moved for entry of default against Defendant. (Docket #9). The Clerk of Court entered default that same day.

Subsequently, on December 8, 2017, Plaintiffs filed a motion for entry of default judgment. (Docket #10). Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiffs of the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to

the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiffs claim the following items of damages:

1) Unpaid contributions to Plaintiff Trustees of the Milwaukee Carpenters Joint Apprenticeship Committee Fund (the "Apprenticeship Fund") in the amount of $5,424.72;

2) Unpaid contributions to Plaintiff Trustees of the Milwaukee Carpenters District Council Health Fund (the "Health Fund") in the amount of $54,952.70;

3) Interest on the delinquent contributions, in the amount of $142.21 to the Apprenticeship Fund, and $2,743.19 to the Health Fund; and

4) Liquidated damages on the delinquent contributions, in the amount of $94.63 to the Apprenticeship Fund, and $2,125.66 to the Health Fund.

*See* (Docket #10 and #10-1). These figures total $65,483.11. *Id.*

Here, the claimed amounts are easily capable of ascertainment from the computations in the documentary evidence and the affidavit submitted by Plaintiffs. Their evidence details Defendant's failure to abide by the terms of the various collective bargaining agreements since August 2014,

and the payment delinquencies that have resulted therefrom. *See* (Docket #10-1, #10-2, #10-3, #10-4, #10-5, and #10-6). Thus, the Court having determined "that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiffs' claimed amounts for unpaid contributions, interest, and liquidated damages are reasonably certain and well-supported, the Court will now grant Plaintiffs' requested default judgment and award them their requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Docket #10) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiffs the total sum of $65,483.11 together with post-judgment interest as provided by law and costs as may be taxed by the Clerk of the Court; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge